BACKGROUND
EAGAN, Judge.
The plaintiff brought the present action alleging three separate causes of action: The first is labeled “Age Discrimination” and cites 29 U.S.C. § 621 ADEA; the second is labeled “Violation of Right to Privacy” and cites 5 U.S.C. § 552(a): and the third is labeled “Retaliation” and cites 42 U.S.C. § 12203. In summary the plaintiff alleges that she was discriminated against by the defendant due to her age. The second count concerns an alleged unauthorized trip to the restroom and an allegation that the plaintiff was followed into the restroom by a supervisor. The third alleges retaliation for reporting the incident under 42 U.S.C. § 12203.
The defendant Mohegan Tribal Gaming Authority moves to dismiss the complaint alleging that the court lacks jurisdiction based upon the doctrine of sovereign immunity.
LEGAL STANDARD
In deciding jurisdictional issues raised by a pretrial motion to dismiss, the court must consider the allegations of the complaint in their most favorable light. A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts. Long v. Mohegan Tribal Gaming Authority, 1 G.D.R. 5, 7, 1 Am Tribal Law 385, 1997 WL 34678573 (1997); (internal quotations and citations omitted).
The Connecticut Supreme Court has held that a motion to dismiss:
shall be used to assert lack of jurisdiction over the subject matter, “essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.” ... Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). “[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss.” ... Antinerella v. Rioux, 229 Conn. 479, 489, 642 A.2d 699 (1994). Martinez v. Dept. of Public Safety, 258 Conn. 680, 683, 784 A.2d 347 (2001). * * * * * * “Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it... . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction.... The objection of want of jurisdiction may be made at any time [a]nd the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention.... The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceedings .... If at any point, it becomes apparent to the court that such jurisdiction is lacking, the appeal must be dismissed.” ... Lewis v. Gaming Policy Board, 224 Conn. 693, 698-99, 620 A.2d 780 (1993). Kizis v. Morse Diesel Int’l, et al, 260 Conn. 46, 52-53, 794 A.2d 498 (2002).
DISCUSSION
I. DOCTRINE OF SOVEREIGN IMMUNITY
It is well established that the Mohegan Tribe of Indians of Connecticut and the *294 Mohegan Tribal Gaming Authority are sovereign Indian tribal entities. Kizis, supra, 260 Conn. at 53-54, 794 A.2d 498 (2002); Kiowa Tribe of Oklahoma v. Manufacturing Techs., 523 U.S. 751, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998); Pirolli v. MTGA, 1 G.D.R. 25, 1 Am. Tribal Law 411, 1998 WL 35281216 (1998); Ager v. Office of the Director of Regulation, 1 G.D.R. 1,2 (October, 1997), Long v. MTGA supra, 1 G.D.R. 5, 1 Am. Tribal Law 385, 1997 WL 34678573 (1997).
“[A]s a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity ... and the tribe itself has consented to suit in a specific forum ... Absent a clear and unequivocal waiver by the tribe or congressional abrogation, the doctrine of sovereign immunity bars suits for damages against a tribe.... However, such waiver may not be implied, but must be expressed unequivocally.” Sevastian v. Sevastian, 73 Conn.App. 605, 609, 808 A.2d 1180 (Conn.App.2002) (Citing Kizis, supra, 260 Conn. at 53-54, 794 A.2d 498.)

II.CLAIMS UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)

The plaintiffs complaint at count one alleges Age Discrimination under 29 U.S.C. Section 621 (ADEA). The defendant argues that the count must be dismissed based upon the sovereign immunity of the Tribe. The court agrees that the plaintiffs count one must be dismissed. The Second Circuit Court of Appeals has held in Garcia v. Akwesasne Housing Authority, 268 F.3d 76 (2d. Cir.2001) that the ADEA does not. abrogate tribal immunity from suit. Id. 268 F.3d at 86. Additionally under the Mohegan Tribal Discriminatory Employment Ordinance No.2002-04 Section 102(C)(1), the Mohegan Tribal Gaming Authority codified that it does not consent to the applicability of the Age Discrimination in Employment Act.
Count one of the plaintiffs complaint is hereby dismissed.
III. CLAIMS UNDER THE RIGHT TO PRIVACY 5 U.S.C. 552
The second cause of action raised by the plaintiff is labeled “Violation of the Right to Privacy” and cites 5 U.S.C. Section 552 as the basis for the action. The particular statute at issue applies to “Public information; agency rules, opinions, orders, records, and proceedings”. This court finds nothing in the statute which would allow the plaintiff to proceed with the cause of action in this case. Additionally, MTO No.2002-04 Section 102(C)(1) makes clear that the defendant did not consent to any federal law that does not expressly apply to Indian tribes and their members. The second cause of action is hereby dismissed.
IV. CLAIMS UNDER AMERICANS WITH DISABILITIES ACT
The plaintiff seeks to prosecute a third cause of action using a portion of the Americans with Disabilities Act, 42 U.S.C. Sections 12101 et seq. The plaintiff in her opposition memorandum does not cite any basis for allowing the action to proceed. Under the Act the covered entities include “an employer, employment agency, labor organization, or joint labor-management committee.” 42 U.S.C. Section 12111(2). However the term “employer” does not include ... “an Indian tribe”. 42 U.S.C. Section 12111(5)(B)(i).
Under the Mohegan Tribal Discriminatory Employment Ordinance N O.20U2-04 Section 102(C)(1), the Mohegan Tribal Gaming Authority withheld its consent to the applicability of the Ameri *295 can Disabilities Act. The third cause of action is dismissed.
CONCLUSION
Based upon the foregoing the court orders that the defendant, Mohegan Tribal Gaming Authority’s Motion to Dismiss the plaintiff’s complaint is granted.
Although the Motion to Dismiss, the case against William Velardo is also dismissed because the plaintiff by her amended summons dated October 7, 2003 does not include Mr. Velardo and therefore there does not appear to be proper service against William Velardo.
The order of dismissal pertains to the case of Janet E. Winslow v. Mohegan Tribal Gaming Authority, Docket Number GDTC-D-02-157. The court does not herein address the consolidated case of Christina Winslow v. Mohegan Tribal Gaming Authority, Docket Number GDTC-C-02-158.