355 F.3d 141
 Joseph CHAYOON, Plaintiff-Appellant,
v.
Elaine L. CHAO, United States Secretary of Labor, Movant-Appellee,
Kenneth M. Reels, Richard A. Hayward, Pedro Johnson, Fatima Dames, Charlene Jones, John E. Perry, William J. Sherlock, James A. Rigot, Rich Tesler, Linda Smith, Mike Rich, Bruce Kirshner, Nafeezar Shabazz, Joann Frank, Fay E. Carlson, Dottie Killy, Foxwoods Mgmt. Team, Michael Thomas, Defendants-Appellees.
 No. 03-6143.
 United States Court of Appeals, Second Circuit.
 Argued: January 6, 2004.
 Decided: January 16, 2004.
 
 Appeal from the United States District Court for the District of Connecticut, Janet C. Hall, J.
 
 
 1
 Joseph Chayoon, pro se, Westerly, RI, for Plaintiff-Appellant.
 
 
 2
 Elizabeth Conway, Brown Jacobson P.C., Norwich, CT, for Defendants-Appellees.
 
 
 3
 Lauren M. Nash, Assistant United States Attorney, New Haven, CT, (Kevin J. O'Connor, United States Attorney for the District of Connecticut, of counsel, Jeffrey A. Meyer, Assistant United States Attorney, on the memorandum),for Movant-Appellee.
 
 
 4
 Before: FEINBERG, WESLEY, Circuit Judges, and PAULEY, District Judge.[1]
 
 
 5
 PER CURIAM.
 
 
 6
 Plaintiff-Appellant Joseph Chayoon appeals the district court's dismissal of his Federal Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., claim against several individuals who either hold positions on the Mashantucket Pequot Tribal Council or are officers and/or employees of Mashantucket Pequot Gaming Enterprise, which operates the gaming facility known as Foxwoods Resort Casino. We affirm the district court's dismissal for lack of subject matter jurisdiction because defendants are immune from this suit.[2]
 
 
 7
 "On a motion invoking sovereign immunity to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of proving by a preponderance of evidence that jurisdiction exists." Garcia v. Akwesasne Hous. Auth., 268 F.3d 76, 84 (2d Cir.2001). This Court reviews the district court's "factual findings for clear error and legal conclusions de novo." Id. (quotation marks and citation omitted).
 
 
 8
 Indian tribes enjoy the same immunity from suit enjoyed by sovereign powers and are "subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." Kiowa Tribe of Okla. v. Mfg. Techs., Inc., 523 U.S. 751, 754, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998). "To abrogate tribal immunity, Congress must `unequivocally' express that purpose," and "to relinquish its immunity, a tribe's waiver must be `clear.'" C & L Enters., Inc. v. Citizen Band Potawatomi Indian Tribe of Okla., 532 U.S. 411, 418, 121 S.Ct. 1589, 149 L.Ed.2d 623 (2001) (citations omitted). The Mashantucket Pequot Tribe is a federally recognized Indian tribe, Reich v. Mashantucket Sand & Gravel, 95 F.3d 174, 175 (2d Cir.1996), and neither abrogation nor waiver has occurred in this case. The FMLA makes no reference to the "`amenity of Indian tribes to suit.'" Garcia, 268 F.3d at 86 (quoting Florida Paraplegic Ass'n v. Miccosukee Tribe, 166 F.3d 1126, 1133 (11th Cir.1999)). Furthermore, Chayoon cannot circumvent tribal immunity by merely naming officers or employees of the Tribe when the complaint concerns actions taken in defendants' official or representative capacities and the complaint does not allege they acted outside the scope of their authority. See Oneida Indian Nation of New York v. City of Sherrill, 337 F.3d 139, 169 (2d Cir.2003). Finally, Chayoon did not request any injunctive or declaratory relief and therefore no exception to sovereign immunity is applicable. See Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); see also Garcia, 268 F.3d at 87-88.
 
 
 9
 Chayoon fervently asserts that although he has a remedy in a tribal court, it is severely constrained in comparison to the procedural and substantive rights under the FMLA. That may well be, but only Congress can abrogate tribal immunity with an unequivocal expression of its intention to do so. C & L Enters. Inc., 532 U.S. at 418, 121 S.Ct. 1589. Foxwoods Resort Casino employs over 10,000 people and Native American gaming facilities are becoming more numerous throughout the country. Clearly, tribal sovereignty has the potential to deny many Americans employment benefits and rights that Congress has seen fit to extend to the private sector. See, e.g., Garcia., 268 F.3d at 85-86 (finding tribes immune from claims based on the Age Discrimination in Employment Act of 1967, § 2 et seq., as amended, 29 U.S.C.A. § 621 et seq.). While judges, as citizens, may be sympathetic to the plight of people like Mr. Chayoon, the courts are without authority to remedy the matter. Mr. Chayoon's remedy, if there is to be one, lies with Congress.
 
 
 10
 The district court's order of March 21, 2003 is hereby AFFIRMED.
 
 
 
 Notes:
 
 
 [1]
 The Honorable William H. Pauley III, of the United States District Court for the Southern District of New York, sitting by designation
 
 
 [2]
 The district court also denied Chayoon's motions to subpoena witnesses and join the United States Secretary of Labor. An independent review of the record and relevant case law reveals no errors in that regard