JEFFREY J. DONTIGNEY *v.* MARK BROWN ET AL.
(AC 23629)

Dranginis, Bishop and DiPentima, Js.

Argued October 28, 2003—officially released March 16, 2004

*Jeffrey J. Dontigney,* pro se, the appellant (plaintiff).

*Linda A. Acampora,* with whom, on the brief, was *Dale T. White,* for the appellees (defendants).

*Opinion*

DiPENTIMA, J. The plaintiff, Jeffrey J. Dontigney, appeals from the judgment of the trial court granting the defendants' motion to dismiss. The identifiable

defendants are Mark Brown and Dave White of the Mohegan Tribe of Indians of Connecticut (tribe).[1] The plaintiff claims that the court improperly denied him the right to proceed to trial on the merits of his case. We disagree and affirm the judgment of the trial court.

The plaintiff brought his action pro se in July, 2002, alleging, inter alia, infliction of emotional distress and defamation, and seeking, inter alia, compensatory and punitive damages, injunctive relief and a declaratory judgment requiring that the defendants recognize him as a member of the tribe. In August, 2002, the defendants, who appeared through counsel, filed a motion to dismiss on the grounds that the court lacked subject matter jurisdiction and that they enjoyed sovereign immunity. The plaintiff filed an objection. On October 7, 2002, the court held a hearing and heard arguments from both the plaintiff and the defendants' counsel.

On October 8, 2002, the court dismissed the plaintiff's action on the ground that it lacked subject matter jurisdiction, under General Statutes § 47-66j (b), to hear the plaintiff's claim for tribal membership. It dismissed the remaining claims on the ground of tribal immunity, citing United States Supreme Court authority. From that judgment, the plaintiff appeals.

The plaintiff argues that because an attempt to comply with § 47-66j (b) would be futile, the court improperly granted the motion to dismiss on that ground. He further argues that the defendants have waived sovereign immunity and, therefore, that the court improperly granted the motion to dismiss on the ground of tribal immunity.[2]

---

[1] The state marshal's return of service indicates service only on "Mark Brown-Mohegan Tribal Chairman with Dave White Chief Legal Counsel for Tribe" at the tribal offices in Uncasville. The caption of the complaint includes the phrase "the tribe, the nation, St of Conn. is defaming & slandering the name Mohegan, my heritage, blood & ancestors lands."

[2] The plaintiff raises a number of other claims in his brief, i.e., the alleged failure of the courts, at both the trial and appellate levels, to provide him

In an appeal from the granting of a motion to dismiss on the ground of subject matter jurisdiction, this court's review is plenary. "A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Fairfax Properties, Inc.* v. *Lyons*, 72 Conn. App. 426, 431, 806 A.2d 535 (2002).

The trial court's role in considering a motion to dismiss is to construe the facts alleged in the complaint, including those necessarily implied therefrom, in a manner most favorable to the plaintiff. *Miller* v. *Egan*, 265 Conn. 301, 305, 828 A.2d 549 (2003). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) *Brookridge District Assn.* v. *Planning & Zoning Commission*, 259 Conn. 607, 611, 793 A.2d 215 (2002). Further, "[o]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) *Golden Hill Paugussett Tribe of Indians* v. *Southbury*, 231 Conn. 563, 570, 651 A.2d 1246 (1995). Here, the court found that although the eight page handwritten complaint was "nearly unintelligible," its main claim was the alleged denial of the plaintiff's membership in the tribe. The court then noted that the statute on which the plaintiff relied for that claim, § 47-66j (b), was the applicable statute. Because the plaintiff conceded at

---

with counsel and the denial of his request for a change of venue. He also sets forth the merits of his dispute with the defendants, that is, his claim that they and others have denied him his right to his "indigenous heritage." Primarily because of the procedural posture of this case, we do not address those issues. See Practice Book § 10-33.

the hearing before the court that he had not complied with the statute, the court found that it had no jurisdiction to hear the membership claim.

General Statutes § 47-66j (b)[3] provides that membership disputes may be settled by a council and that the council's decision shall be final on substantive issues. It allows an appeal to the Superior Court on procedural issues. Thus, primary jurisdiction of a tribal membership dispute belongs in a council pursuant to § 47-66j (b). The doctrine of primary jurisdiction applies "where a plaintiff, in the absence of pending administrative proceedings, invokes the original jurisdiction of a court to decide the merits of a controversy." *Sharkey* v. *Stamford*, 196 Conn. 253, 256, 492 A.2d 171 (1985). That doctrine, "like exhaustion, is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions." (Internal quotation marks omitted.) Id. "[W]here a statute has established a procedure to redress a particular wrong a person must follow the specified remedy and may not institute a proceeding that might have been permissible in the absence of such a statutory procedure." *Stepney, LLC* v. *Fairfield*, 263 Conn. 558, 563, 821 A.2d 725 (2003). A failure to do so deprives

---

[3] General Statutes § 47-66j (b) provides: "A membership dispute shall be resolved in accordance with tribal usage and practice. Upon request of a party to a dispute, the dispute may be settled by a council. Each party to the dispute shall appoint a member of the council and the parties shall jointly appoint one or two additional members provided the number of members of the council shall be an odd number. If the parties cannot agree on any joint appointment, the Governor shall appoint such member who shall be a person knowledgeable in Indian affairs. The decision of the council shall be final on substantive issues but an appeal may be taken to the Superior Court to determine if membership rules filed in the office of the Secretary of the State pursuant to this section have been followed. If the court finds that the dispute was not resolved in accordance with the provisions of the written description, it shall remand the matter with instructions to reinstitute proceedings, in accordance with such provisions."

the court of subject matter jurisdiction over the controversy. See id. Because the plaintiff failed to follow the procedures set forth in § 47-66j (b), the court properly dismissed the tribal membership claim for lack of subject matter jurisdiction.

As to the plaintiff's argument that any attempt to comply with § 47-66j would be futile, this court is not persuaded. First of all, because the plaintiff did not expressly raise that argument before the trial court, this court is not bound to consider it. Practice Book § 60-5. Even if this court were to consider that claim, however, the law does not provide the plaintiff relief. Under *Cannata* v. *Dept. of Environmental Protection*, 215 Conn. 616, 628, 577 A.2d 1017 (1990), futility is an exception to the requirement of statutory compliance if the entity named in the statute lacks the authority to grant the plaintiff's requested relief. Here, the plaintiff claims futility on the basis of the defendants' alleged bias against him, not on lack of authority to grant him membership.

The defendants argued before the trial court, as well as before this court, that the statute does not apply at all because the tribe is federally recognized and entitled to immunity from suit in Connecticut state courts. This court will not decide the constitutional validity of a statute unless it has been applied in an unconstitutional manner to a party in the case before it. "This principle reflects the conviction that under our constitutional system courts are not roving commissions assigned to pass judgment on the validity of legislative enactments. . . . We are bound never to anticipate a question of constitutional law in advance of the necessity of deciding it [and] never to formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied. . . . A judicial holding that a legislative Act is unconstitutional is one of very grave concern. We ought not, and will not, declare a statute

to be unconstitutional unless our judgment is formed in the light of this rule of our law: It is our duty to approach the question with caution, examine it with infinite care, make every presumption and intendment in its favor, and sustain the Act unless its invalidity is, in our judgment, beyond a reasonable doubt." (Internal quotation marks omitted.) *City Recycling, Inc.* v. *State*, 247 Conn. 751, 758, 725 A.2d 937 (1999). The defendants cannot and do not make a claim that the statute has been applied against them in this case unconstitutionally. Accordingly, we decline to decide the validity of § 47-66j (b).

To the extent that the remaining claims reasonably can be construed as against the tribe, they were properly dismissed because of tribal immunity. "[A]s a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity . . . and the tribe itself has consented to suit in a specific forum. . . . Absent a clear and unequivocal waiver by the tribe or congressional abrogation, the doctrine of sovereign immunity bars suits for damages against a tribe. . . . However, such waiver may not be implied, but must be expressed unequivocally." (Internal quotation marks omitted.) *Sevastian* v. *Sevastian*, 73 Conn. App. 605, 608–609, 808 A.2d 1180 (2002). The tribe has not waived its immunity, nor has Congress abrogated that immunity to allow the plaintiff's claims to be heard in this state court action.

The judgment is affirmed.

In this opinion the other judges concurred.