ROY P. DAVIDSON *v.* MOHEGAN TRIBAL GAMING
AUTHORITY ET AL.
(AC 27001)

Gruendel, Harper and Peters, Js.

Argued May 26—officially released August 15, 2006

*Roy P. Davidson,* pro se, the appellant (plaintiff).

*Andrew Houlding,* for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Roy P. Davidson, appeals from the decision of the trial court granting the motion to dismiss filed by the defendants, the Mohegan Tribal Gaming Authority (authority) and the Mohegan Sun Casino (casino). On appeal, the plaintiff claims that the court improperly concluded that it lacked subject matter jurisdiction because the defendants are cloaked with sovereign immunity.[1] We affirm the judgment of the trial court.

The plaintiff was employed as an entertainment technician at the casino. In July, 2003, the plaintiff requested leave to have dental surgery performed. His supervisor denied the request. Nonetheless, the plaintiff had the surgery performed and was absent from work on a number of days. Consequently, the plaintiff violated his employer's attendance policies and his employment was terminated on July 17, 2003.

The plaintiff first instituted an action in the Gaming Disputes Trial Court (gaming court) on July 13, 2004, alleging that his rights under the Mohegan Discriminatory Employment Practices Ordinance 2002-04 (ordinance), had been violated.[2] That action was dismissed on February 22, 2005, as untimely.[3] Subsequently, the plaintiff commenced this action in Superior Court on April 18, 2005. On May 9, 2005, the defendants filed a motion to dismiss for lack of subject matter jurisdiction,

---

[1] Insofar as the plaintiff argues the applicability of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., and other labor and employment laws to the Mohegan Tribe of Indians of Connecticut, the authority or the casino, we do not reach the substantive merits of these claims because we agree that the court lacks subject matter jurisdiction to hear his dispute.

[2] Section 104 (c) of the ordinance makes it an unlawful employment practice to discriminate against an individual who "exercised rights under the standards of the State of Connecticut Workers' Compensation Act . . . ."

[3] We note that the record does not reveal that the plaintiff appealed from the gaming court's decision to the Gaming Disputes Appeals Court.

citing the sovereign immunity of the Mohegan Tribe of Indians of Connecticut (tribe). The court granted that motion on June 8, 2005. The plaintiff then filed this appeal, claiming that the court improperly dismissed his complaint. He now argues that sovereign immunity does not prevent the application of various labor and employment laws to employees of the defendants.

"[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) *Kizis* v. *Morse Diesel International, Inc.*, 260 Conn. 46, 51, 794 A.2d 498 (2002). "In an appeal from the granting of a motion to dismiss on the ground of subject matter jurisdiction, this court's review is plenary. A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record. . . . The trial court's role in considering whether to grant a motion to dismiss is to take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . .

"[A]s a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity . . . and the tribe itself has consented to suit in a specific forum. . . . Absent a clear and unequivocal waiver by the tribe or congressional abrogation, the doctrine of sovereign immunity bars suits for damages against a tribe. . . . However, such waiver may not be implied, but must be expressed unequivocally." (Citations omitted; internal quotation marks omitted.) *Chayoon* v. *Sherlock*, 89

Conn. App. 821, 825–26, 877 A.2d 4, cert. denied, 276
Conn. 913, 888 A.2d 83 (2005), 547 U.S. 1138, 126 S. Ct.
2042, 164 L. Ed. 2d 797 (2006).

In order to resolve the plaintiff's claims on appeal,
it is instructive for this court briefly to review the nature
of the relationship between the defendants and the
tribe. It is undisputed that the tribe has been recognized
by an act of Congress and the state of Connecticut.
*Kizis* v. *Morse Diesel International, Inc.*, supra, 260
Conn. 54. Thereafter, the tribe and the state of Connecti-
cut entered into a gaming compact to govern gaming
operations on the tribe's reservation. Id., 55. In doing
so, the tribe did not waive its sovereign immunity, but
instead was permitted to adopt its own remedial system
for resolving tort claims. Id. In furtherance of this com-
pact, the tribe established the gaming court with
" '[e]xclusive jurisdiction for the [t]ribe over disputes
arising out of or in connection with the Gaming, the
actions of the [authority],[4] or contracts entered into by
[the tribe] or the [authority] in connection with Gaming,
including without limitation, disputes arising between
any person or entity and the [authority], including cus-
tomers, *employees*, or any gaming manager operating
under a gaming management agreement with the
[authority], or any person or entity which may be in
privity with such persons or entities as to Gaming mat-
ters shall be vested in the [gaming court]. . . .'
Mohegan Const., art. XIII, § 2." (Emphasis added; inter-
nal quotation marks omitted.) *Kizis* v. *Morse Diesel
International, Inc.*, supra, 56.

The plaintiff first argues that, even if sovereign immu-
nity applies to the tribe, it does not apply to the defen-
dants because they are private entities charged with

---

[4] The authority was created to "facilitate and act as the governmental
entity responsible for managing all aspects of the tribe's gaming enterprises."
*Kizis* v. *Morse Diesel International, Inc.*, supra. 260 Conn. 48 n.1.

operating a casino. We first note, however, that the plaintiff named as a defendant the authority itself, which expressly is under the exclusive jurisdiction of the gaming court and protected by the tribe's sovereign immunity. Id., 55–56. Even if we read the plaintiff's designation of the casino as a defendant broadly enough to encompass the private parties charged with operating it, the jurisdiction of the gaming court extends to those "person[s] or entit[ies] which may be in privity with [the authority] as to Gaming matters . . . ." (Internal quotation marks omitted.) Id., 56. We conclude, therefore, that the casino falls under the exclusive jurisdiction of the gaming court.[5]

The plaintiff further argues that tribal immunity is particularly inapplicable in this case because the activities of the defendants do not relate to tribal functions, but rather are commercial in nature. In *Kiowa Tribe of Oklahoma* v. *Manufacturing Technologies, Inc.*, 523 U.S. 751, 760, 118 S. Ct. 1700, 140 L. Ed. 2d 981 (1998), the United States Supreme Court "held that tribal immunity applies to tribal activities occurring on or off the reservation. . . . The court further concluded that the immunity doctrine does not distinguish between tribal activities that are commercial or governmental in nature." (Citation omitted.) *Sevastian* v. *Sevastian*, 73 Conn. App. 605, 609, 808 A.2d 1180 (2002). The plaintiff's argument, therefore, is unpersuasive.

Accordingly, both defendants are entitled to avail themselves of the tribe's sovereign immunity, and their actions fall under the exclusive jurisdiction of the gaming court.[6] The court, therefore, properly concluded that

---

[5] We further note that "[t]ribal immunity also extends to all tribal employees acting within their representative capacity and within the scope of their official authority." *Chayoon* v. *Sherlock*, supra, 89 Conn. App. 826–27.

[6] We note that the plaintiff has not argued that either defendant has waived its sovereign immunity with respect to his claims, and we find no basis to conclude that they did. See *Chayoon* v. *Chao*, 355 F.3d 141 (2d Cir.), cert. denied sub nom. *Chayoon* v. *Reels*, 543 U.S. 966, 125 S. Ct. 429, 160 L. Ed. 2d 336 (2004); *Chayoon* v. *Sherlock*, supra, 89 Conn. App. 827.

it lacked subject matter jurisdiction over this action and granted the defendants' motion to dismiss.

The judgment is affirmed.