12-2436-cv
Tassone v. Foxwoods Resort Casino

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand thirteen.

Present:
>
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> *Circuit Judge.*
> RICHARD W. GOLDBERG,*
> *Judge.*

_____

BRUCE E. TASSONE,

      *Plaintiff-Appellant*,

    v.                                  12-2436-cv

FOXWOODS RESORT CASINO, MASHANTUCKET PEQUOT
INDIAN TRIBE OF CONNECTICUT,

      *Defendants-Appellees*.

_____

Appearing for Plaintiff-Appellant:      Bruce E. Tassone, *pro se*, North Adams, MA.

_____

*Judge Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

Appearing for Defendants-Appellees:        Elizabeth Conway, Esq., Mashantucket Pequot
                                            Tribal Nation Office of Legal Counsel,
                                            Mashantucket, CT.

                                            David S. Williams, Esq., and Cassie N. Jameson,
                                            Esq., Brown Jacobson P.C., Norwich, CT.

        Appeal from a judgment of the United States District Court for the District of
Connecticut (Eginton, *J.*).

        **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND
DECREED** that the judgment of the district court is **AFFIRMED**.

        Appellant Bruce E. Tassone, *pro se*, appeals from the judgment of the district court
granting Appellees' motion to dismiss for lack of jurisdiction, pursuant to Federal Rule of Civil
Procedure 12(b)(1), Appellant's complaint asserting, *inter alia*, violations of Connecticut
General Statutes § 53-396, tortious breach of duty, premises liability, intentional infliction of
emotional distress, breach of contract, and violations of the Racketeer Influenced and Corrupt
Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* We assume the parties' familiarity with
the underlying facts, the procedural history of the case, and the issues on appeal.

        We review *de novo* a district court decision dismissing a complaint pursuant to Rule
12(b)(1). *See Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). Dismissal
of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district
court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*,
201 F.3d 110, 113 (2d Cir. 2000).

        It is well-settled that Indian tribes "possess the common-law immunity from suit
traditionally enjoyed by sovereign powers." *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d
343 356 (2d Cir. 2000). As a matter of federal law, "an Indian tribe is subject to suit only where
Congress has authorized the suit or the tribe has waived its immunity." *Kiowa Tribe of Okla. v.
Mfg. Techs., Inc.*, 523 U.S. 751, 754 (1998). The Supreme Court has explained that, "[t]o
abrogate tribal immunity, Congress must unequivocally express that purpose," and "to relinquish
its immunity, a tribe's waiver must be clear." *C&L Enters., Inc. v. Citizen Band Potawatomi
Indian Tribe of Okla.*, 532 U.S. 411, 418 (2001) (internal citations and quotation marks omitted).
Tribal immunity also applies to entities, such as Foxwoods Resort Casino, that are arms,
agencies or subdivisions of the tribe. *See Chayoon v. Chao,* 355 F.3d 141, 143 (2d Cir. 2004);
*see also Bassett*, 204 F.3d at 357-58; *Worall v. Mashantucket Pequot Gaming Enter.*, 131 F.
Supp. 2d 328, 331 (D. Conn. 2001).

        After an independent review of the record and relevant case law, we conclude that the
district court properly held that it lacked subject matter jurisdiction due to Defendants' sovereign
immunity. Tassone has not identified any express abrogation nor waiver of Defendants'

sovereign immunity with respect to individual citizens.  Likewise, the Supreme Court's decision in *Nevada v. Hicks*, 533 U.S. 353 (2001), and *Strate v. A-1 Contractors*, 520 U.S. 438 (1997), which Tassone cites in support of his argument, concern the ability of tribal courts to assert jurisdiction over defendants who are not tribal members, not the ability of non-members to sue Indian tribes in state or federal court.

We have considered all of Tassone's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk