******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## JOHN DRABIK *v.* ELAINE THOMAS ET AL.
### (AC 38997)

Lavine, Alvord and Keller, Js.

*Syllabus*

The plaintiff filed a petition for a bill of discovery, seeking to depose the defendants T and Q, who were employees of a certain Indian tribe and officers of the tribe's historic preservation office, after T and Q failed to respond to the plaintiff's repeated requests for information. In seeking the bill of discovery, the plaintiff claimed to have a potential cause of action against T, Q, and the defendant tribal council for intentional interference with a business relationship in connection with certain actions by T that allegedly caused A Co., a communications company, to abandon its plan to build a cellular communications tower on the plaintiff's property. The plaintiff specifically sought information regarding certain stone groupings located on property adjacent to the plaintiff's property. T had communicated to A Co., as A Co. was seeking governmental approval for the tower, that its planned placement of the tower on the plaintiff's property could impact the overall integrity of the local landscape such that it would have an adverse effect on properties of traditional religious and cultural significance to the tribe. The trial court granted the defendants' motion to dismiss on the ground of tribal sovereign immunity, and the plaintiff appealed to this court, claiming, inter alia, that the trial court incorrectly determined that tribal sovereign immunity applies to petitions for a bill of discovery. *Held*:

1. The trial court properly granted the defendants' motion to dismiss on the ground of tribal sovereign immunity: the plaintiff could not prevail on his claim that tribal sovereign immunity does not bar a petition for a bill of discovery because a bill of discovery seeks equitable relief and is distinct from the filing of a lawsuit, as the act of subjecting a sovereign to prelitigation discovery in order to uncover information necessary to establish facts that ultimately could support probable cause to sustain a cause of action against the sovereign would negate one purpose of sovereign immunity, which is to prevent the interference that litigation creates; accordingly, sovereign defendants who are cloaked with immunity from suit also enjoy immunity from bills of discovery that seek to establish facts necessary to commence such a suit.

2. The trial court correctly concluded that T and Q were entitled to tribal sovereign immunity; the facts that the plaintiff alleged in his petition for a bill of discovery did not support his claim that T and Q were named in their individual capacities or that they acted beyond the scope of their authority as employees of the tribe and officers of the tribe's historic preservation office.

Argued May 30—officially released August 14, 2018

*Procedural History*

Petition for a bill of discovery seeking to depose the named defendant et al., brought to the Superior Court in the judicial district of New London, where the court, *Cole-Chu, J.*, granted the defendants' motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed*.

*Victoria S. Mueller*, for the appellant (plaintiff).

*Andrew L. Houlding*, for the appellees (defendants).

*Opinion*

LAVINE, J. The plaintiff, John Drabik, appeals from the judgment of the trial court dismissing his petition for a bill of discovery against the defendants, Elaine Thomas, a deputy tribal historic preservation officer for The Mohegan Tribe of Indians of Connecticut (tribe), James Quinn, the tribal historic preservation officer for the tribe, and the Tribal Council, the governing body of the tribe, on the ground of tribal sovereign immunity. Specifically, the plaintiff claims that the trial court improperly (1) decided that the petition should be dismissed on the ground that tribal sovereign immunity applies to petitions for a bill of discovery, and (2) determined that the defendants are entitled to tribal sovereign immunity. We affirm the judgment of the trial court.

The following facts, as gleaned from the plaintiff's petition for a bill of discovery and the court's memorandum of decision, and procedural history are relevant to this appeal. The plaintiff owns property in East Lyme that is not part of or adjacent to the reservation of the tribe. AT&T evaluated the plaintiff's property as a potential location for a new cellular communications tower. As part of the application process to the Connecticut Siting Council, the agency responsible for utility facilities' locations, AT&T submitted an electronic message with the proposed site to the Federal Communications Commission, which notified the tribe of the proposal. The tribe responded on or about July 1, 2015.

The response, written by Thomas, indicated that a site walk conducted on June 10, 2015, identified "substantial stone groupings" on the property adjacent to the plaintiff's property. According to the response, the proposed tower would "impact the view shed" of these "cultural stone features" and could "possibly cause impact to the overall integrity of the landscape." The response concluded that, in the opinion of the Mohegan Tribal Historic Preservation Office, the proposed tower would cause an adverse effect to "properties of traditional religious and cultural significance to the [tribe]." After receiving this response from the tribe, AT&T stopped considering the plaintiff's property as a potential site for the tower.

On multiple occasions, the plaintiff made requests for clarification from Thomas and Quinn about the stone groupings, seeking more information about their location, substance, and historical and cultural significance, but no representative of the tribe responded to any of his repeated requests. On September 23, 2015, the plaintiff filed a petition for a bill of discovery, alleging that he may have a cause of action of intentional interference with a business relationship against the defendants. On October 5, 2015, the defendants filed a motion to dismiss, citing the doctrine of tribal sovereign immunity. The trial court granted the defendants' motion to

dismiss the bill of discovery. The plaintiff then filed the present appeal,[1] claiming that the court improperly found that sovereign immunity applied and that sovereign immunity bars a bill of discovery.

Well established principles of law govern our standard of review. "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. . . . In an appeal from the granting of a motion to dismiss on the ground of subject matter jurisdiction, this court's review is plenary. A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record. . . . The trial court's role in considering whether to grant a motion to dismiss is to take the facts to be those alleged . . . including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Citation omitted; internal quotation marks omitted.) *Davidson* v. *Mohegan Tribal Gaming Authority*, 97 Conn. App. 146, 148, 903 A.2d 228, cert. denied, 280 Conn. 941, 912 A.2d 475 (2006), cert. denied, 549 U.S. 1346, 127 S. Ct. 2043, 167 L. Ed. 2d 777 (2007).

I

We begin with a brief discussion of the bill of discovery in light of the plaintiff's assertion that it should be exempt from tribal sovereign immunity. "The bill of discovery is an independent action in equity for discovery, and is designed to obtain evidence for use in an action other than the one in which discovery is sought. . . . [B]ecause a pure bill of discovery is favored in equity, it should be granted unless there is some well founded objection against the exercise of the court's discretion. . . .

"To sustain the bill, the [plaintiff] must demonstrate that what he seeks to discover is material and necessary for proof of, or is needed to aid in proof of or in defense of, another action already brought or about to be brought. . . .

"Discovery is confined to facts material to the plaintiff's cause of action and does not afford an open invitation to delve into the defendant's affairs. . . . A plaintiff must be able to demonstrate good faith as well as probable cause that the information sought is both material and necessary to his action. . . . A plaintiff should describe with such details as may be reasonably available the material he seeks . . . and should not be allowed to indulge a hope that a thorough ransacking of any information and material which the defendant

may possess would turn up evidence helpful to [his] case." (Citations omitted; internal quotation marks omitted.) *Berger* v. *Cuomo*, 230 Conn. 1, 5–7, 644 A.2d 333 (1994).

"The plaintiff who brings a bill of discovery must demonstrate by detailed facts that there is probable cause to bring a potential cause of action. Probable cause is the knowledge of facts sufficient to justify a reasonable man in the belief that he has reasonable grounds for presenting an action. . . . Its existence or nonexistence is determined by the court on the facts found. . . . Moreover, the plaintiff who seeks discovery in equity must demonstrate more than a mere suspicion; he must also show that there is some describable sense of wrong. . . . Whether particular facts constitute probable cause is a question of law." (Citation omitted; footnote omitted; internal quotation marks omitted.) *Journal Publishing Co.* v. *Hartford Courant Co.*, 261 Conn. 673, 681–82, 804 A.2d 823 (2002).

The plaintiff acknowledges that "the [tribe] and its officers enjoy tribal sovereign immunity that protects them from most lawsuits in Connecticut Superior Court,"[2] but he insists, nonetheless, that tribal sovereign immunity does not bar a bill of discovery, as a bill of discovery seeks equitable relief and is distinct from the filing of a lawsuit. We are unpersuaded.

The plaintiff fails to provide legal authority or a persuasive logical argument supporting the proposition that a prelitigation tool such as a bill of discovery can be differentiated from the act of litigation itself when sovereign immunity is involved. We are unaware of any controlling authority on this issue.[3] The judges of our Superior Court who have considered this issue have dismissed petitions for bills of discovery on the ground that the tribe's sovereign would be affected by the enforcement of such petitions.[4] We find the reasoning of those judges to be persuasive. We agree, therefore, with the trial court's conclusion that "there is no basis in logic, law, or equity" for the plaintiff's claim that "tribal sovereign immunity does not apply to a bill of discovery, even if it bars the lawsuit for which discovery is sought."

"Tribal sovereign immunity predates the birth of the Republic. . . . The immunity rests on the status of Indian tribes as autonomous political entities, retaining their original natural rights with regard to self-governance." (Citation omitted; internal quotation marks omitted.) *Ninigret Development Corp.* v. *Narragansett Indian Wetuomuck Housing Authority*, 207 F.3d 21, 29 (1st Cir. 2000).

"The practical and logical basis of the . . . [sovereign immunity] doctrine is today recognized to rest on . . . the hazard that the subjection of the [sovereign] governments to private litigation might constitute a seri-

ous interference with the performance of their functions and with their control over their respective instrumentalities, funds, and property." (Internal quotation marks omitted.) *Horton* v. *Meskill*, 172 Conn. 615, 624, 376 A.2d 359 (1977). "Because sovereign immunity protects a sovereign from the expense, intrusiveness, and hassle of litigation, a court must be circumspect in allowing discovery before the plaintiff has established that the court has jurisdiction . . . ." (Internal quotation marks omitted.) *Arch Trading Corp.* v. *Republic of Ecuador*, 839 F.3d 193, 206 (2d Cir. 2016).

We conclude that a bill of discovery would constitute such interference. The act of subjecting a sovereign to prelitigation discovery in order to uncover information necessary to establish facts that, ultimately, could support probable cause to sustain a cause of action against the sovereign would negate one purpose of sovereign immunity, which is to prevent the interference that litigation creates. We therefore conclude that the same overarching concern applies with equal force to a petition for a bill of discovery. Defendants cloaked with sovereign immunity are immune from suit and, therefore, immune from a bill of discovery to help establish facts necessary to commence a suit. Accordingly, the trial court properly dismissed the plaintiff's petition for a bill of discovery on the ground of sovereign immunity.

II

The plaintiff also claims that the court improperly determined that Thomas and Quinn were entitled to tribal sovereign immunity. Specifically, he argues that Thomas and Quinn were named, and also acted, in their individual capacities.[5] According to the plaintiff, the bill of discovery alleges an exception to tribal sovereign immunity, namely, that Thomas and Quinn were not acting within the scope of tribal authority. We are unpersuaded.

"[A]s a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity . . . and the tribe itself has consented to suit in a specific forum. . . . Absent a clear and unequivocal waiver by the tribe or congressional abrogation, the doctrine of sovereign immunity bars suits for damages against a tribe. . . . Although tribal immunity does not extend to individual members of a tribe . . . [t]he doctrine of tribal immunity . . . extends to individual tribal officials acting in their representative capacity and within the scope of their authority. . . . The doctrine does not extend to tribal officials when acting outside their authority in violation of state law. . . . Tribal immunity also extends to all tribal employees acting within their representative capacity and within the scope of their official authority." (Citations omitted; internal quotation marks omitted.) *Chayoon* v. *Sherlock*, 89 Conn. App. 821, 826–27, 877 A.2d 4, cert. denied, 276 Conn. 913, 888 A.2d 83

(2005), cert. denied, 547 U.S. 1138, 126 S. Ct. 2042, 164 L. Ed. 2d 797 (2006).

"[C]ourts should look to whether the sovereign is the real party in interest to determine whether sovereign immunity bars the suit. . . . In making this assessment, courts may not simply rely on the characterization of the parties in the complaint, but rather must determine in the first instance whether the remedy sought is truly against the sovereign. . . . [L]awsuits brought against employees in their official capacity represent only another way of pleading an action against an entity of which an officer is an agent, and they may also be barred by sovereign immunity. . . .

"The distinction between individual- and official-capacity suits is paramount here. In an official-capacity claim, the relief sought is only nominally against the official and in fact is against the official's office and thus the sovereign itself. . . . Personal-capacity suits, on the other hand, seek to impose *individual* liability . . . . [O]fficers sued in their personal capacity come to court as individuals . . . and the real party in interest is the individual, not the sovereign.

"The identity of the real party in interest dictates what immunities may be available. Defendants in an official-capacity action may assert sovereign immunity. . . .

"There is no reason to depart from these general rules in the context of tribal sovereign immunity." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Lewis* v. *Clarke*,     U.S.    , 137 S. Ct. 1285, 1291–92, 197 L. Ed. 2d 631 (2017).

"In the tribal immunity context, a claim for damages against a tribal official lies outside the scope of tribal immunity only where the complaint pleads—and it is shown—that a tribal official acted beyond the scope of his authority to act on behalf of the [t]ribe. . . . Claimants may not simply describe their claims against a tribal official as in his individual capacity in order to eliminate tribal immunity. . . . [A] tribal official—even if sued in his individual capacity—is only stripped of tribal immunity when he acts manifestly or palpably beyond his authority . . . . [I]n order to overcome sovereign immunity, the [plaintiff] must do more than allege that the defendants' conduct was in excess of their . . . authority; [the plaintiff] also must allege or otherwise establish facts that reasonably support those allegations." (Citations omitted; internal quotation marks omitted.) *Chayoon* v. *Sherlock*, supra, 89 Conn. App. 828.

"It is insufficient for the plaintiff merely to allege that the defendants violated . . . law or tribal policy in order to state a claim that they acted beyond the scope of their authority. . . . Such an interpretation would eliminate tribal immunity from damages actions

because a plaintiff must always allege a wrong or a violation of law in order to state a claim for relief. In order to circumvent tribal immunity, the plaintiff must have alleged and proven, apart from whether the defendants acted in violation of federal law, that the defendants acted without any colorable claim of authority . . . ." (Citation omitted; internal quotation marks omitted.) Id., 829–30.

In regard to a petition for a bill of discovery, "[our Supreme Court] previously [has] recognized that the right of a plaintiff to recover is limited by [his] allegations . . . ." (Internal quotation marks omitted.) *Journal Publishing Co.* v. *Hartford Courant Co.*, supra, 261 Conn. 686. Thus, the plaintiff's presentation of facts to establish probable cause is limited to the allegations of the petition. It necessarily follows that a plaintiff, in order to demonstrate probable cause to bring an action, must allege facts outside of the scope of sovereign immunity.

The plaintiff failed to allege that Thomas and Quinn acted beyond the scope of their authority. The allegations against Thomas and Quinn are inextricably tied to the Tribal Council and, more specifically, to the Mohegan Tribal Historic Preservation Office. Thomas and Quinn were described as officers of the Mohegan Tribal Historic Preservation Office numerous times.[6] The plaintiff alleges that the notice regarding the stone groupings originated from the tribe and that the Mohegan Tribal Historic Preservation Office conducted the site walk. Additionally, Thomas' response specifically conveyed the opinion of the Mohegan Tribal Historic Preservation Office, and she signed the notice with her designation as the tribe's deputy tribal historic preservation officer. The plaintiff requested information from the Mohegan Tribal Historic Preservation Office and the Tribal Council. Furthermore, service of the petition for a bill of discovery was made on Helga Woods, the attorney general of the tribe.

There are no allegations in the bill of discovery that Thomas or Quinn conducted the site walk, identified the stone groupings, failed to respond to the plaintiff's requests while acting outside of their official capacity, or otherwise exceeded the authority given to them by the tribe. As such, the facts as alleged do not support the plaintiff's claim that Thomas and Quinn were named as defendants in their individual capacities or otherwise exceeded the scope of their authority. Thus, the court correctly concluded that the defendants were protected by sovereign immunity and, therefore, properly granted the defendants' motion to dismiss.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] After filing the petition for a bill of discovery, the plaintiff brought two separate actions, one in the Superior Court and another in the Mohegan Tribal Court.

[2] "Absent a clear and unequivocal waiver by the [Indian] tribe or congressional abrogation, the doctrine of sovereign immunity bars suits for damages against a tribe. . . . However, such waiver may not be implied, but must be expressed unequivocally." (Citation omitted; internal quotation marks omitted.) *Kizis* v. *Morse Diesel International, Inc.*, 260 Conn. 46, 53–54, 794 A.2d 498 (2002).

[3] Neither this court nor our Supreme Court has previously decided this issue. Although one opinion from this court involved a similar set of circumstances, it is procedurally distinct and does not shed any light on the precise issue involved in the present case. See *Kelly* v. *Albertsen*, 114 Conn. App. 600, 608 and n.5, 970 A.2d 787 (2009) (plaintiff not entitled to limited discovery and evidentiary hearing to meet burden of alleging facts that demonstrate subject matter jurisdiction in civil action against state employee, but this court suggested that plaintiff could have used bill of discovery).

[4] See, e.g., *DatabaseUSA.com, LLC* v. *Dept. of Administrative Services*, Superior Court, judicial district of Hartford, Docket No. CV-15-6060965-S (April 7, 2016) (*Elgo, J.*) (62 Conn. L. Rptr. 103); see also *Estate of Bochicchio* v. *Quinn*, Superior Court, judicial district of Hartford, Docket No. CV-10-6011528-S (October 28, 2010) (*Domnarski, J.*) (50 Conn. L. Rptr. 848), aff'd, 136 Conn. App. 359, 46 A.3d 239 (2012).

[5] The plaintiff refers to the defendants collectively in his brief despite the fact that the defendants in his petition include the Tribal Council. We understand the plaintiff's use of the term "defendants" in the portion of his brief addressing this claim as referring only to Thomas and Quinn.

[6] The petition for a bill of discovery alleges in relevant part:

"2. The defendant Elaine Thomas is a Deputy Tribal Historic Preservation Officer for the Mohegan Indian Tribe . . . .

"3. The defendant James Quinn is the Tribal Historic Preservation Officer for the Mohegan Indian Tribe . . . .

\* \* \*

"9. The Notice was sent by Deputy Tribal Historic Preservation Officer Elaine Thomas of the Mohegan Indian Tribe.

\* \* \*

"13. Upon receipt of the Notice, [the plaintiff] . . . made several attempts to contact Elaine Thomas and James Quinn at the Mohegan Indian Tribe . . . .

\* \* \*

"d. Phone call to James Quinn, Tribal Historic Preservation Officer . . . .
"e. Letter to Mohegan Indian Tribal Council . . . .
"f. Phone call with James Quinn, Tribal Historic Preservation Officer . . . ."