VANESSA J. DOUCHETTE SEVASTIAN *v.* LEMUEL B. SEVASTIAN ET AL.
(AC 22622)

Lavery, C. J., and West and Peters, Js.

Argued September 10—officially released November 19, 2002

*Joseph T. Coppola,* for the appellant (plaintiff).

*Elizabeth Conway,* with whom, on the brief, were *Mark R. Kravitz* and *Erika L. Amarante,* for the appellee (defendant Mashantucket Pequot Tribe).

*Opinion*

PETERS, J. As a matter of federal law, Native American tribes are not subject to suit in state court unless Congress authorizes suit or the tribe unequivocally waives its sovereign immunity. The issue in this case is whether an Indian tribe waives its immunity from state court tort actions by purchasing property outside the reservation. The trial court dismissed the plaintiff's tort action against the tribe. It concluded that the purchase of off-reservation property does not constitute a waiver of tribal immunity. We agree.

On August 31, 2001, the plaintiff, Vanessa J. Douchette Sevastian, brought an action for damages against the defendants, Lemuel B. Sevastian and the Mashantucket Pequot Tribe (tribe). In her complaint, the plaintiff alleged that Lemuel Sevastian invited her onto property, owned by the tribe, located off the reservation at 81 Stoddards Wharf Road in Ledyard. The plaintiff further averred that Lemuel Sevastian kept a dog on the property and that the dog, unprovoked, had attacked her and had caused her serious injury. The plaintiff claimed that both defendants are liable for her injuries under General Statutes § 22-357[1] and common-law negligence.

---

[1] General Statutes § 22-357 provides in relevant part: "If any dog does any damage to either the body or property of any person, the owner or keeper . . . shall be liable for such damage, except when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog. . . ."

On September 21, 2001, the tribe filed a motion, pursuant to Practice Book § 10-30, to dismiss counts three and four of the complaint.[2] The tribe claimed that the court lacked subject matter jurisdiction because the tribe had sovereign immunity from the plaintiff's suit. On December 10, 2001, the trial court granted the motion to dismiss. The plaintiff now appeals from the trial court's dismissal of her action against the tribe.

"It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) *Lawrence Brunoli, Inc.* v. *Branford,* 247 Conn. 407, 410–11, 722 A.2d 271 (1999). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) *Kizis* v. *Morse Diesel International, Inc.,* 260 Conn. 46, 51, 794 A.2d 498 (2002). A challenge to the jurisdiction of the court presents a question of law and our review is plenary. *Lawrence Brunoli, Inc.* v. *Branford,* supra, 410.

In support of her appeal, the plaintiff argues that the tribe waived its immunity by purchasing property outside the borders of the reservation.[3] The plaintiff also argues that, as a matter of policy, the tribe should be subject to suit because the tribe enjoys the protection of state substantive law when it sues in state court.

The tribe contends that the plaintiff's appeal is defective both procedurally and substantively. First, the

[2] The motion to dismiss addressed counts three and four of the complaint because the first two counts were directed at Lemuel Sevastian.

[3] Both federal and state law recognize the tribe and its reservation. See 25 U.S.C. §§ 1751 to 1759; General Statutes § 47-63.

plaintiff did not provide the court with an adequate record, specifically the trial court's memorandum of decision. Second, the appeal is without merit because the United States Supreme Court and our Supreme Court have rejected similar arguments. See *Kiowa Tribe of Oklahoma* v. *Manufacturing Technologies, Inc.*, 523 U.S. 751, 118 S. Ct. 1700, 140 L. Ed. 2d 981 (1998); *Kizis* v. *Morse Diesel International, Inc.*, supra, 260 Conn. 52–54. We agree with the tribe on both contentions.

As a procedural matter, we are persuaded that the record in this case is inadequate for review. The trial court neither prepared a written memorandum of decision nor signed a transcript of its oral decision, as required by Practice Book § 64-1. It is the responsibility of the appellant to provide an adequate record for review. Practice Book § 61-10; *Statewide Grievance Committee* v. *Clarke*, 48 Conn. App. 545, 547, 711 A.2d 746, cert. denied, 245 Conn. 923, 717 A.2d 239 (1998). In the absence of an adequate record, we cannot review the plaintiff's appeal properly. See *Honan* v. *Dimyan*, 52 Conn. App. 123, 126, 726 A.2d 613, cert. denied, 249 Conn. 909, 733 A.2d 227 (1999).

Even if we were to consider the merits of the plaintiff's appeal, the trial court's judgment would stand. We agree with the tribe that it did not waive its immunity by purchasing off-reservation property.

On appeal, the plaintiff makes two arguments. She claims that (1) the tribe is subject to suit because it purchased off-reservation property, and (2) the tribe waived its sovereign immunity because it has initiated actions in state court.

"[A]s a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity . . . and the tribe itself has consented to suit in a specific forum. . . .

Absent a clear and unequivocal waiver by the tribe or congressional abrogation, the doctrine of sovereign immunity bars suits for damages against a tribe. . . . However, such waiver may not be implied, but must be expressed unequivocally." (Citations omitted; internal quotation marks omitted.) *Kizis* v. *Morse Diesel International, Inc.,* supra, 260 Conn. 53–54.

The United States Supreme Court has addressed the question of whether an Indian tribe's sovereign immunity is dependent upon the locus of the tribal activities. In *Kiowa Tribe,* the Indian tribe purchased stock issued by a nonmember corporation. *Kiowa Tribe of Oklahoma* v. *Manufacturing Technologies, Inc.,* supra, 523 U.S. 753. The transaction was executed off the reservation. Id., 754. The tribe subsequently defaulted and the corporation brought suit in Oklahoma state court. Id. The Oklahoma Court of Civil Appeals affirmed the trial court's decision that an Indian tribe is subject to suit in state court for breaches of contract involving off-reservation commercial conduct. Id.

The United States Supreme Court reversed. It held that tribal immunity applies to tribal activities occurring on or off the reservation. Id., 760. The court further concluded that the immunity doctrine does not distinguish between tribal activities that are commercial or governmental in nature. Id.

The plaintiff attempts to distinguish *Kiowa Tribe of Oklahoma* from the present case by arguing that it would be unjust to extend tribal immunity to cover state tort actions. In *Kiowa Tribe of Oklahoma,* however, the Supreme Court addressed tribal immunity within the context of tort actions. The court explained that "[i]n our interdependent and mobile society . . . tribal immunity extends beyond what is needed to safeguard tribal self-governance. This is evident when tribes take part in the Nation's commerce. . . . In this economic

context, immunity can harm those who are unaware that they are dealing with a tribe, who do not know of tribal immunity, or *who have no choice in the matter, as in the case of tort victims.*" (Citations omitted; emphasis added.) Id., 758. The court concluded as it did in full recognition of the adverse effect of tribal immunity on tort victims. Id.

The plaintiff's second argument is a claim that the tribe is not immune from suit because it can and does resort to state court for legal redress. The United States Supreme Court has addressed this argument as well. In *Three Affiliated Tribes of the Fort Berthold Reservation* v. *Wold Engineering, P.C.*, 476 U.S. 877, 106 S. Ct. 2305, 90 L. Ed. 2d 881 (1986), the court struck down a North Dakota statute conditioning an Indian tribe's access to state court on its waiver of any claim raised by a nonmember against the tribe. Id., 893. The court observed that "[t]he perceived inequity of permitting the Tribe to recover from a non-Indian for civil wrongs in instances where a non-Indian allegedly may not recover against the Tribe simply must be accepted in view of the overriding federal and tribal interests in these circumstances, much in the same way that the perceived inequity of permitting the United States or North Dakota to sue in cases where they could not be sued as defendants because of their sovereign immunity also must be accepted." Id.

In conclusion, the doctrine of tribal sovereign immunity protects Native American tribes from state tort actions occurring on off-reservation land owned by the tribe. The plaintiff has failed to establish that Congress abrogated the tribe's immunity or that the tribe waived its immunity from such actions in state court.

The judgment is affirmed.

In this opinion the other judges concurred.