# DEBRA G. TOCCO *v.* WESLEYAN UNIVERSITY
## (AC 28928)

Harper, Beach and Pellegrino, Js.

Argued October 14, 2008–officially released January 6, 2009

*Ralph J. Monaco*, with whom was *Patrick J. Day*, for the appellant (plaintiff).

*Eileen R. Becker*, for the appellee (apportionment defendant Hamden Figure Skating Association, Inc.).

*Opinion*

PELLEGRINO, J. The plaintiff, Debra G. Tocco, appeals from the judgment dismissing the count of her complaint against the Hamden Figure Skating Association, Inc. (association), an apportionment defendant. The issue in this appeal is whether the plaintiff obtained proper service on the association. The plaintiff claims proper service was made on the association in accordance with General Statutes § 52-102b (d) by mailing to the association a copy of her second amended complaint at a time when no appearance had been filed on behalf of the association. The court, however, agreed with the association that the plaintiff had failed to make proper service according to Practice Book §§ 10-12 (c) and 10-13 as required, and, therefore, it dismissed the plaintiff's complaint as to the association. We affirm the judgment of the trial court.

The following facts are relevant to our disposition of the plaintiff's appeal. The plaintiff initiated an action against the defendant Wesleyan University (Wesleyan) by serving it with a writ of summons and complaint with a return date of March 29, 2005, alleging negligence for injuries she sustained at Wesleyan's ice rink. Within 120 days of the return date, on July 26, 2005, Wesleyan served an apportionment complaint on the association

with a return date of August 23, 2005. On August 19, 2005, the plaintiff filed with the court a request to amend her complaint and attached a second amended complaint alleging an additional direct count against the association, as the apportionment defendant, pursuant to § 52-102b (d). On March, 20, 2006, the court granted the plaintiff's request to amend, which related back to the date of filing, August 19, 2005. The plaintiff then mailed the second amended complaint to the association on July 19, 2006.

At this point in the proceedings, the association had not yet filed an appearance and on that date, July 19, 2006, the plaintiff also mailed to the association a copy of the plaintiff's motion for default for failure to appear. Counsel for the association filed an appearance on May 10, 2007, and on May 16, 2007, filed a motion to dismiss count two of the plaintiff's second amended complaint, claiming lack of personal jurisdiction due to improper service. On June 13, 2007, the court granted the association's motion to dismiss, agreeing with the association that the second amended complaint was not properly served pursuant to Practice Book §§ 10-12 (c) and 10-13. The plaintiff appeals from the judgment of the court dismissing the complaint against the association.

The plaintiff argues that her direct claim against the association, an apportionment defendant, need only be "asserted" in accordance with the language of § 52-102b (d), which could be accomplished through the mail as opposed to service as prescribed by Practice Book §§ 10-12 (c) and 10-13.[1] The plaintiff argues that Wesleyan's service of a writ of summons and apportionment

---

[1] The plaintiff also claims in her brief that even if she had attempted to have a marshal serve the association with the second amended complaint, the association's failure to keep its records current with the secretary of the state would have prevented such service. As this issue was not raised in the trial court, we will not address this claim on appeal. See Practice Book § 60-5.

complaint on the association was adequate and timely, and, therefore, the association became a party to the action. It is the plaintiff's claim that because the association already was a party to the action, the language of § 52-102b (d), which provides that a direct claim could be "asserted" directly by the plaintiff against the apportionment defendant, permitted her to assert the new claim against the association by merely mailing it a copy of the second amended complaint, which she had filed with the court. The association argues, however, that at the time the plaintiff mailed the second amended complaint, it was a nonappearing party, and, therefore, the plaintiff could not assert a new claim pursuant to § 52-102b (d) by mail but was required to effect service on the association in accordance with Practice Book §§ 10-12 (c) and 10-13. We agree with the association.

Our standard of review is well settled. Our Supreme Court has "determined that our rules of statutory construction apply with equal force to interpretations of the rules of practice." *State* v. *McCahill*, 265 Conn. 437, 446, 828 A.2d 1235 (2003). "Issues of statutory construction raise questions of law, over which we exercise plenary review." (Internal quotation marks omitted.) *State* v. *Boysaw*, 99 Conn. App. 358, 362, 913 A.2d 1112 (2007). "A fundamental tenet of statutory construction is that statutes are to be considered to give effect to the apparent intention of the lawmaking body. . . . The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. [General Statutes § 1- 2z.]" (Internal quotation marks omitted.) *State* v. *Boysaw*, supra, 362–63.

We begin our analysis with the language of the rules of practice. Practice Book § 10-12 (c) provides: "Any pleading asserting new or additional claims for relief against parties *who have not appeared* or who have been defaulted *shall be served* on such parties." (Emphasis added.) Practice Book § 10-13 provides in relevant part: "Service pursuant to Section 10-12 (c) shall be made in the same manner as an original writ and complaint is served . . . ." The meaning of Practice Book §§ 10-12 (c) and 10-13 is plain and unambiguous that a nonappearing party must be served in the same manner as required for service of an original complaint.

It is undisputed that at the time the plaintiff attempted to assert a direct claim against the association, she attempted to effectuate service of her complaint by mailing it to the association at a time when it had not filed an appearance. The language of General Statutes § 52-102b (d) does not include a provision for a nonappearing party; therefore, our rules of practice control. Practice Book §§ 10-12 (c) and 10-13 require that when a party has not appeared, a claim must be served in the same manner as an original complaint. The plaintiff did not conform to the requirements of proper service under Practice Book §§ 10-12 (c) and 10-13. As the plaintiff's claim against the association was not properly served on the association, the court lacked personal jurisdiction over the association.

The judgment is affirmed.

In this opinion the other judges concurred.