YAO GONG *v.* XUANWEI HUANG
(AC 31145)

Beach, Bear and West, Js.

---

Argued January 3—officially released May 31, 2011

*Yao Gong*, pro se, the appellant-cross appellee (plaintiff).

*Xuanwei Huang*, pro se, the appellee-cross appellant (defendant).

*Opinion*

WEST, J. The defendant, Xuanwei Huang, appearing pro se, cross appeals[1] from the judgment of the trial court dissolving his marriage to the plaintiff, Yao Gong, claiming, inter alia, that the court abused its discretion when it: (1) failed to address his motion for modification

---

[1] The plaintiff filed a direct appeal on May 29, 2009. On October 29, 2009, the plaintiff's appeal was dismissed by this court for failing to comply with a nisi order issued by this court on October 5, 2009. Consequently, the plaintiff's appeal is not before this court.

of the pendente lite alimony order in a timely manner; (2) failed to consider the plaintiff's dissipation of marital assets when it rendered its final judgment; (3) did not hold the plaintiff in contempt regarding her failure to maintain the mortgage and common charge payments of the parties' Norwalk condominium (condominium) and her failure to return his personal property; (4) failed to modify the visitation agreement entered into by the parties; and (5) ordered the defendant to compensate the plaintiff $5000 for the disparity in value between their automobiles.[2] We disagree and accordingly affirm the judgment of the court.

The following facts and procedural history are relevant to the defendant's cross appeal. In July, 2007, the plaintiff commenced the underlying marital dissolution action against the defendant. The commencement of that action initiated a protracted, highly contentious and litigious procedural course.[3] The parties have two minor children from their marriage: a younger daughter, born on December 20, 2006, and an older daughter, born on May 31, 2004. On December 17, 2007, the court, *Munro, J.*, ordered the defendant to pay the plaintiff

[2] In the defendant's first amended cross appeal dated April 19, 2010, he also claimed that the court improperly determined that both parties' testimony lacked credibility and that the court refused to rule on his motion to reargue. That amended appeal was filed after the defendant filed his cross appellant brief with this court on February 25, 2010. We conclude, therefore, that the defendant has abandoned those claims. See *Updike, Kelly & Spellacy, P.C.* v. *Beckett*, 269 Conn. 613, 642–43, 850 A.2d 145 (2004) (claims not briefed on appeal are considered abandoned).

The defendant also makes several claims, in his appellate brief, regarding the parties' property located in Shanghai, China. During oral argument before this court, however, the defendant abandoned those claims stating that the property had been sold and the proceeds of that sale were allocated consistent with the trial court's order in its final dissolution judgment.

[3] Our review of the record reveals that prior to the court's amended memorandum of decision dissolving the parties' marriage on August 12, 2009, the defendant filed over thirty motions for contempt against the plaintiff. In addition to the contempt motions, the defendant also filed a myriad of motions throughout the course of the underlying action raising other issues.

pendente lite $215 weekly in child support, $95 weekly for day care costs and $200 weekly in alimony. In addition, the court also ordered the plaintiff to bring the mortgage and common charges of the parties' condominium current and to maintain those charges during the pendency of the dissolution action. On February 4, 2008, pursuant to a stipulated agreement, the defendant's obligations to provide the plaintiff with child support and day care expenses were discontinued after he traveled to China and assumed the parenting responsibilities for the parties' youngest daughter. On May 25, 2008, an ex parte protective order was issued against the defendant that prohibited him from harassing or threatening the plaintiff or entering the condominium. That order remained in effect until June 23, 2008. Subsequently, a second protective order was issued against the defendant and that order remained in effect throughout the pendency of the dissolution action. On March 24, July 25 and August 28, 2008, the defendant filed successive motions for modification of the pendente lite alimony order.[4] Each of those motions requested a reduction of the pendente lite alimony order. On July 24 and August 28, 2008, the defendant also filed motions for contempt against the plaintiff, alleging that she had violated the court's pendente lite order to maintain the financial obligations regarding the condominium and to provide him with financial documentation. On October 29, 2008, the court, *Malone, J.*, approved a parenting agreement (parenting agreement) between the parties that granted the plaintiff sole custody of the older daughter and granted sole custody of the younger daughter to the defendant.[5]

On May 22, 2009, the court, by way of memorandum of decision, rendered judgment dissolving the parties' marriage on the ground of irretrievable breakdown. The

---

[4] In his motions, the defendant claimed that he had incurred additional expenses or that his financial situation had changed substantially. Each motion appears to have been marked off.

[5] The parenting agreement also contained visitation provisions that provided, inter alia, that the defendant would have visitation with his older

final judgment of dissolution incorporated by reference the parenting agreement. In addition to ordering that the parties' condominium be sold, with the proceeds from the sale to be divided equally between them, the court also ordered that neither party would receive child support or alimony. Additionally, the court found that the parties' recently purchased Shanghai property was a marital asset and ordered it to be sold with the proceeds of that sale also to be divided equally. The defendant was further ordered to compensate the plaintiff in the amount of $5000 for the disparity in value between their automobiles.

On June 3, 2009, the defendant filed a motion entitled "motion for trial judge to modify and clarify judgment" in which the defendant, inter alia, reiterated his claim that the plaintiff was in contempt regarding her alleged failure to return his personal property. He also filed a postjudgment motion requesting that his visitation rights pertaining to his older daughter be modified.[6] On August 12, 2009, in response to the defendant's postjudgment motion, the court issued an amended memorandum of decision[7] finding that the plaintiff was not in violation of the parenting agreement, nor was she in contempt of the court order that required her to return the defendant's personal belongings. Additionally, the court found that "[n]either party had provided credible testimony, and the court could not determine if [the defendant's property] had already been returned or removed, or even existed at the time of trial."[8]

daughter on alternate Saturdays from 10 a.m. until 6 p.m. and the plaintiff would have visitation with her younger daughter on alternate Saturdays from 10 a.m. until 5 p.m.

[6] The court issued an order regarding the defendant's motion to modify visitation on May 17, 2010.

[7] We note that the court correctly interpreted the defendant's motion to "modify and clarify judgment" as a motion to reargue and subsequently denied that motion given that the defendant sought to modify the substantive terms of the dissolution order. See *Mickey* v. *Mickey*, 292 Conn. 597, 605, 974 A.2d 641 (2009) ("[m]otions for clarification may not, however, be used to modify or to alter the substantive terms of a prior judgment").

[8] In its memorandum of decision, the court also stated that "[t]he other motions for contempt requested by the defendant are not ruled on at this time in that both parties have filed appeals from the final judgment."

Thereafter, on September 24, 2009, the defendant filed another postjudgment motion to reargue. On this occasion he claimed, inter alia, that the court was required to order that the termination of his pendente lite alimony payments be made retroactive to the date of the first scheduled hearing on his request for modification. On March 29, 2010, the court held a hearing with respect to the foregoing postjudgment motion and the defendant's motion for contempt, filed September 21, 2009,[9] and entered the following order with regard to each motion: "See transcript. Orders in accordance with [the] ruling on the record."[10] Subsequent to filing his appellant brief on February 25, 2010, the defendant amended his cross appeal on April 19 and May 17, 2010. Additional facts will set forth as necessary.

"We begin by setting forth our general standard of review in an appeal challenging the financial orders made in a dissolution of marriage judgment. The well settled standard of review in domestic relations cases is that this court will not disturb trial court orders unless the trial court has abused its legal discretion or its findings have no reasonable basis in the facts. . . . As has often been explained, the foundation for this standard is that the trial court is in a clearly advantageous position to assess the personal factors significant to a domestic relations case . . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action." (Internal quotation marks omitted.) *Shaulson* v. *Shaulson*, 125 Conn. App. 734, 739, 9 A.3d 782 (2010), cert. denied, 300 Conn. 912, 13 A.3d 1102 (2011). With these principles in mind, we address each of the defendant's claims in turn.

---

[9] On September 21, 2009, the defendant filed another motion for contempt against the plaintiff, alleging violations of various court orders.

[10] The defendant has failed to provide this court with a transcript of the hearing on March 29, 2009, as is required by Practice Book § 61-10. See Practice Book §§ 63-8 and 63-8A.

I

A

The defendant first claims that the court failed to address his motions for modification of the pendente lite alimony order in a timely manner. Specifically, he claims that the court abused its discretion when it delayed ruling on the motions until it issued its memorandum of decision on May 22, 2009. We disagree.

Before addressing the merits of the defendant's claim, we first establish this court's jurisdiction. It is well established that our appellate review is permitted only from final judgments. See *Ahneman* v. *Ahneman*, 243 Conn. 471, 478, 706 A.2d 960 (1998). It is equally settled that "a ruling by a trial court regarding financial issues in a marital dissolution case—whether it be a pendente lite ruling, a ruling issued in conjunction with a final dissolution judgment or a decision regarding a postjudgment motion—is a final judgment for purposes of appeal." Id., 479. A trial court's decision not to consider a motion properly before it is "the functional equivalent of a denial" and, thus, considered a final judgment for the purposes of appellate review. Id., 480.

In the present case, the defendant filed three motions requesting a reduction in his obligation to pay pendente lite alimony on March 24, July 25 and August 28, 2008. It is clear from our review of the record that the court was faced with competing motions regarding the amount of alimony that the defendant was required to provide.[11] It is equally clear that the court attempted to resolve the issues contained in the parties' motions on numerous occasions but was unable to as a result of

[11] On September 26, 2008, the plaintiff also filed a motion for modification, requesting an increase in the defendant's pendente lite alimony payments.

the behavior of both parties.[12] During a hearing on October 29, 2008, the court, once again, was forced to delay its ruling on the parties' motions for modification, and it subsequently ordered that both parties provide each other with updated financial affidavits. At a hearing on December 1, 2008, the court assigned a discovery special master to assess the parties' financial status, given their continued lack of cooperation in complying with discovery orders. The court also informed the parties that after it received the report from the discovery special master it then would be able to assess their pending motions properly at the beginning of the trial.[13]

[12] Our review of the record reveals that those motions were marked off frequently due to the parties' absence at multiple hearings, being unprepared to proceed or their failure to adhere properly to procedural requirements. The defendant repeatedly failed to comply with financial discovery orders in addition to failing to follow procedural steps to notify opposing counsel prior to one of the scheduled hearings on his motions for modification. We note particularly that, on July 22, 2008, the court found the defendant in contempt regarding his failure to comply with an order to produce financial documents. Additionally, the defendant failed to appear for a scheduled status conference hearing on February 20, 2009, which the court had appointed a discovery special master, attorney Robert M. Wechsler, to attempt to resolve the ongoing discovery issues pertaining to the parties' financial status. During the hearing, the defendant called Wechsler on his cell phone to inform him that he was requesting a continuance, as Wechsler put it, "for various and sundry reasons." Despite informing the defendant that any such continuance required the court's permission, the defendant failed to appear. Wechsler also informed the court that the defendant did not provide him with the supplemental interrogatories that he had requested.

[13] The defendant now asserts that the responsibility for the delay is somehow rooted in the court's negligence and that it consistently "refused" to rule on his motions for modification until it rendered its final judgment. We note that as a general rule a trial court "must consider and decide on a reasonably prompt basis all motions properly placed before it . . . ." See *Ahneman* v. *Ahneman*, supra, 243 Conn. 484; see also *Ramin* v. *Ramin*, 281 Conn. 324, 338, 915 A.2d 790 (2007). We conclude, however, that the present case is not an example of the court refusing to consider motions *properly* put before it, as discussed in *Ahneman* and *Ramin*, but, rather, a case in which the parties purposely circumvented any attempt, by the other, to advance the procedural posture of the case. Compare *Ramin* v. *Ramin*, supra, 336 (court refused expressly to address motion for contempt) and *Ahneman* v. *Ahneman*, supra, 482–83 (court expressly declined to consider defendant's motions either prior to or as part of final judgment) with *Eckert*

At trial, the court conducted a thorough canvass of the parties' marital assets as well as their current and future financial needs. In its memorandum of decision, the court did not award alimony to the plaintiff and ordered the parties' condominium to be sold, thus, effectively ruling on the defendant's previous motions to terminate his obligation to pay alimony.[14] See *Evans* v. *General Motors Corp.*, 277 Conn. 496, 508, 893 A.2d 371 (2006) (court's ruling on particular issue can be inferred through the substantive effect of the court's orders and memorandum of decision). In effect, the court's orders after trial terminated the pendente lite orders concerning alimony and payment of the condominium obligations. *Saunders* v. *Saunders*, 140 Conn. 140, 146, 98 A.2d 815 (1953) ("[a]n order for alimony pendente lite is interlocutory and terminates with the judgment which follows it").

In summary, the record is rife with examples illustrating that both parties participated in causing the delays, instead of the court. For example, on July 22, 2008, the defendant was held in contempt for his failure to comply with discovery orders, and, additionally, he failed to appear at the discovery special master's conference on February 20, 2009, to address ongoing discovery issues. See footnote 12 of this opinion. For the defendant now

v. *Eckert*, 285 Conn. 687, 698–99, 941 A.2d 301 (2008) (court's failure to grant hearing prior to issuing an oral ruling on motion for modification was not equivalent to refusal). After our thorough review of the record it is apparent that the court never refused expressly to consider the motions. See *Eckert* v. *Eckert*, supra, 699. Rather, it is clear that the court attempted to resolve those motions on numerous occasions but was unable because of the parties' behavior and their unwillingness to provide accurate financial information. See footnote 12 of this opinion. As a result, the defendant's claim that the court refused to rule on his motions for modification is without merit.

[14] Given that the court did not order further alimony after it ordered that the parties' Norwalk condominium be sold, it is reasonable to conclude that the pendente lite alimony order was to assist the plaintiff with her obligations to pay the mortgage and the common charges associated with maintaining the condominium.

to claim that the court abused its discretion by not ruling on his motions in a timely manner is untenable. Indeed, it is clear that in this particular case, the court reasonably could have decided to address those motions at trial because it was unable to do so, as a result of the behavior of the parties, at several scheduled motion calendars. Therefore, because we "allow every reasonable presumption in favor of the correctness of [the court's] action"; (internal quotation marks omitted) *Shaulson* v. *Shaulson,* supra, 125 Conn. App. 739; we conclude that the court did not abuse its discretion by not terminating the pendente lite alimony order until it rendered its final judgment.[15] Accordingly, we conclude the defendant's claim to be without merit.

## B

The defendant also claims that the court abused its discretion when it denied his postjudgment motion requesting that the court's order terminating his obligation to pay alimony be retroactive to the date of the initial hearing on his motion for modification.[16] In essence, he contends that the court was required to order that the discharge of his obligation to pay alimony be made retroactive to April 21, 2008.

---

[15] In his appellate brief, the defendant also contends, albeit cursorily, that the delay violated his procedural due process rights. The defendant did not raise this claim before the trial court and has not directed us to any authority supporting his position that a delay in ruling on a motion for modification rises to the level of a constitutional violation. As that claim was not raised before the trial court and was briefed inadequately, we decline review. See *Lawton* v. *Weiner,* 91 Conn. App. 698, 709 n.7, 882 A.2d 151 (2005).

[16] Additionally, we note that it is impermissible for a court to modify alimony pendente lite after the predissolution period had ended. See General Statutes § 46b-86. "[T]he purpose of alimony pendente lite is to provide a party with support during the pendency of the dissolution action. . . . Allowing a court to modify an award of alimony pendente lite retroactively at the time the dissolution is granted would frustrate that purpose because it would encourage spouses to delay making their alimony payments until the time of dissolution, hoping that the order for alimony pendente lite would be forgiven or changed at that time." (Internal quotation marks omitted.) *Clark* v. *Clark,* 127 Conn. App. 148, 158, 13 A.3d 682 (2011).

As a procedural matter, we conclude that the record is inadequate for review regarding this claim. On September 24, 2009, the defendant filed a motion to reargue, claiming, inter alia, that the court was required to order that the termination of his obligation to provide alimony to the plaintiff be retroactive to April 21, 2008. On March 29, 2010, the court ruled on the defendant's motion and entered the following order: "See transcript. Orders in accordance with [the] ruling on the record."

This court has consistently stated that it is the responsibility of the appellant to provide an adequate record for review. See *Sevastian* v. *Sevastian*, 73 Conn. App. 605, 608, 808 A.2d 1180 (2002); see also Practice Book §§ 61-10, 63-8 and 63-8A. In the absence of an adequate record, we cannot review the defendant's claim on appeal properly. See *Sevastian* v. *Sevastian*, supra, 608.

In the present case, we cannot review adequately the defendant's claim because he has not provided this court with a copy of the transcript from the March 29, 2010 hearing. "The duty to provide this court with a record adequate for review rests with the appellant." *Disciplinary Counsel* v. *Villeneuve*, 126 Conn. App. 692, 700, 14 A.3d 358 (2011); see Practice Book § 61-10. Without the necessary factual findings and legal conclusions made by the court, any decision made by us respecting the defendant's claims would be entirely speculative.[17] See *Disciplinary Counsel* v. *Villeneuve*, supra, 701. Thus, we are unable to review this claim.

## II

The defendant next claims that the court abused its discretion when it failed to consider in its final judgment

[17] We note also that, to the extent the defendant is challenging the propriety of the pendente lite alimony order, any such challenge would be rendered moot as a result of the pendente lite order being extinguished when the final judgment was rendered. See footnote 16 of this opinion.

evidence that the plaintiff dissipated marital assets. Specifically, the defendant claims that the court ignored evidence that the plaintiff transferred assets to her family in China and ignored the financial disparity regarding the parties' retirement accounts. We disagree.

"[D]issipation in the marital dissolution context requires financial misconduct involving marital assets, such as intentional waste or a selfish financial impropriety, coupled with a purpose unrelated to the marriage." (Internal quotation marks omitted.) *Finan* v. *Finan*, 287 Conn. 491, 499, 949 A.2d 468 (2008). The defendant appears to claim that during the pendency of the dissolution action, the plaintiff improperly transferred over $74,000 to an account in China in an attempt to dissipate marital assets and that the court ignored that fact when rendering its judgment. In assessing this claim, "we are mindful of the well trodden notion that the trial court is the sole arbiter of credibility, [and it is] free to accept or reject, in whole or in part, the testimony offered by either party." (Internal quotation marks omitted.) *Shaulson* v. *Shaulson*, supra, 125 Conn. App. 742–43.

In the present case, the court found that the plaintiff had transferred $60,000 of the parties' assets to China to purchase the Shanghai property. As a result, the court found the property to be a marital asset and ordered it to be sold and the proceeds to be divided equally between the parties. This finding demonstrates that the court considered the defendant's claim about the plaintiff's transfer of assets to China. Additionally, the court ordered that each party would retain his or her retirement accounts "free and clear of the other party." The court is in the best position to assess the credibility of the evidence, and, as a result, we will not second-guess the court's distribution of assets unless there has been an abuse of discretion or it is found that the court could not have reasonably concluded as it did, based on the facts presented. See *de Repentigny* v. *de Repentigny*,

121 Conn. App. 451, 460, 462, 995 A.2d 117 (2010). In the present case, the defendant has made no such showing.

## III

Next, the defendant claims that the court erred when it failed to rule on his motions for contempt against the plaintiff regarding her alleged failure to return his personal belongings and her alleged failure to maintain the mortgage and common charges of the parties' condominium. We disagree.

"Courts have in general the power to fashion a remedy appropriate to the vindication of a prior . . . judgment. . . . Having found noncompliance, the court, in the exercise of its equitable powers, necessarily ha[s] the authority to fashion whatever orders [are] required to protect the integrity of [its original] judgment." (Internal quotation marks omitted.) *Behrns* v. *Behrns*, 124 Conn. App. 794, 821, 6 A.3d 184 (2010). Therefore, we must determine whether the court abused its discretion in fashioning the remedy in this case. "This is so because [i]n a contempt proceeding, *even in the absence of a finding of contempt*, a trial court has broad discretion to make whole a party who has suffered as a result of another party's failure to comply with the court order." (Emphasis in original; internal quotation marks omitted.) *Fuller* v. *Fuller*, 119 Conn. App. 105, 115, 987 A.2d 1040, cert. denied, 296 Conn. 904, 992 A.2d 329 (2010).

Although the court did not rule expressly on the defendant's motion for contempt regarding the plaintiff's financial obligations concerning the condominium, it did find that the plaintiff failed to maintain the mortgage and common charges as ordered pendente lite and, thus, ordered in the judgment that if the payments were not made current prior to the sale of that property, the unpaid costs would be deducted from the plaintiff's share of the divided proceeds. We conclude that the court exercised its discretion properly by compensating

the defendant for the plaintiff's violation of the court order. See *Evans* v. *General Motors Corp.*, supra, 277 Conn. 508 (combined effect of memorandum of decision and subsequent order was final judgment on matter).

In its amended memorandum of decision on August 12, 2009, the court did not find the plaintiff in contempt regarding her alleged failure to return the defendant's personal belongings. The court stated that it could not discern whether the property was returned or "even existed at the time of the trial." As stated previously, we will not second-guess the court's determination of the parties' credibility. See *de Repentigny* v. *de Repentigny*, supra, 121 Conn. App. 460, 462. Our review of the record does not reveal that the court abused its broad discretion in the manner in which it addressed the defendant's motions for contempt.[18] Accordingly, the defendant's claim fails.

IV

Next, the defendant appears to challenge the court's order regarding his motion for modification of visitation. We conclude that the defendant has abandoned this claim due to inadequate briefing.

In his amended appeal to this court dated May 17, 2010, the defendant claims that the court "inappropriately ruled [on the] visitation plan . . . ." That amended appeal, however, was filed after the defendant filed his cross appellant brief with this court on February 25, 2010. Consequently, the defendant's brief does not address that claim; instead, he argues that the court improperly failed to consider his motion. Our review of the record does not reveal that the defendant requested supplemental briefing to address this issue. "Although

[18] The defendant also claims that the court's delay in denying these motions violated his due process rights. For similar reasons as we have set forth in footnote 15 of this opinion, we conclude that claim to be without merit.

we are solicitous of the rights of pro se litigants . . . [s]uch a litigant is bound by the same rules . . . and procedure as those qualified to practice law." (Internal quotation marks omitted.) *State* v. *Klinger*, 103 Conn. App. 163, 169, 927 A.2d 373 (2007). Insofar as the defendant attempts to set forth a claim of error regarding the court's May 17, 2010 order, such a claim has not been presented or briefed adequately and, therefore, is deemed abandoned. See *Mullen & Mahon, Inc.* v. *Mobilmed Support Services, LLC*, 62 Conn. App. 1, 10, 773 A.2d 952 (2001) ("[a]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court" [internal quotation marks omitted]). On this basis we decline review of the defendant's claim.

V

The defendant's final claim is that the court abused its discretion when it ordered him to compensate the plaintiff $5000 for the disparity in value between their automobiles. Specifically, the defendant asserts that the court did not consider properly all of the parties' marital assets in total when it issued this order. We do not agree.

As we have stated previously, this court will not disturb a court's judgment in a domestic relations matter unless the court has abused its broad discretion, and we will allow every reasonable presumption in favor of the correctness of its action. See *Shaulson* v. *Shaulson*, supra, 125 Conn. App. 739. "[T]he foundation for this standard is that the trial court is in a clearly advantageous position to assess the personal factors significant to a domestic relations case . . . ." Id.

Relying on *Papa* v. *Papa*, 55 Conn. App. 47, 737 A.2d 953 (1999), and *Tevolini* v. *Tevolini*, 66 Conn. App. 16, 783 A.2d 1157 (2001), the defendant appears to claim that the court did not have a reasonable basis to form

its conclusion as a result of there being no evidence in the record regarding the value of the parties' automobiles. We conclude that the court did not abuse its discretion in its assessment. At trial, the court was in possession of financial affidavits from the parties and received testimony from the plaintiff that the appraised value of the defendant's 2006 Toyota Corolla was $15,000 and that her 1998 Toyota Camry was appraised at $1275. In light of the proffered evidence, we will not second-guess the court's assessment of value concerning each automobile. See *de Repentigny* v. *de Repentigny*, supra, 121 Conn. App. 460, 462. Accordingly, this claim fails.

The judgment is affirmed.

In this opinion the other judges concurred.